United States District Court
Southern District of Texas

**ENTERED**

August 18, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID TRIGO RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-291 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the Polunsky Unit in Livingston, Texas.  Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on June 29, 2015.[1]  (D.E. 1, Pages 1 and 12).  The subject of the petition is a 2014 Duval County conviction for burglary where Petitioner pleaded guilty and received a 20-year sentence.[2]  (D.E. 1, Pages 2-3).

On March 18, 2016, Respondent filed a Motion for Summary Judgment.  (D.E. 17).  Petitioner failed to file a response in accordance with Local Rule 7.4.  However, the

---

[1]The petition was signed on June 29, 2015, and received by the Court on July 6, 2015.  (D.E. 1, Pages 1 and 12); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)( A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

[2]Petitioner filed a separate petition pursuant to 28 U.S.C. § 2254 on or about September 14, 2015 challenging the same Duval County conviction.  (Case No. 2:15-cv-410, D.E. 1).  On October 27, 2015, the actions were consolidated and on October 28, 2015, Petitioner filed an amended petition.  (D.E. 8 and 9).

undersigned will consider the substance of the pending Motion as Petitioner is proceeding *pro se*.  As discussed more fully below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's actions for habeas corpus relief be **DISMISSED**.  It is further recommended that a Certificate of Appealability be **DENIED**.

## I.      JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner was convicted in Duval County, Texas, which is within the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000); 28 U.S.C. § 124(b)(6).  This case has been referred to the undersigned United States Magistrate Judge for case management, ruling on non-dispositive motions and furnishing a recommendation on dispositive motions pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.

## II.     BACKGROUND

On January 27, 2014, Petitioner pleaded guilty to burglary of a habitation and was sentenced to twenty years imprisonment in accordance with a plea bargain.[3]  (D.E. 14-3, Pages 37-46 and D.E. 14-5, Pages 37-40).  Petitioner did not file a direct appeal.  (D.E. 14-3, Page 37).

---

[3]Petitioner had a prior conviction for aggravated assault with a deadly weapon.  (D.E. 14-3, Pages 35-36).

On November 12, 2014, Petitioner filed an application for state habeas relief. (D.E. 14-3, Pages 4-20).[4]   On February 2, 2015, the 229th District Court of Duval County, Texas received Petitioner's application, and on May 20, 2015, Petitioner's application was denied without written order by the Texas Court of Criminal Appeals (hereinafter the "state habeas court.")  (D.E. 14-3 and D.E. 14-1).   On July 30, 2015, Petitioner filed a second application for state habeas corpus relief, challenging the same conviction, which was dismissed as successive by the Texas Court of Criminal Appeals on October 21, 2015.  (D.E. 14-5, Pages 4-20 and D.E. 14-4).   Petitioner filed this federal habeas petition on June 29, 2015, and amended petition on October 21, 2015, alleging three grounds for relief:  (1) his conviction resulted from the use of an illegal photo array; (2) he was denied effective assistance of counsel; and (3) the trial court erred by appointing Petitioner's previously retained counsel as his court-appointed counsel.  (D.E. 1, Page 12 and D.E. 9, Page 5; Case No. 2:15-cv-410, D.E. 1).   Petitioner requests his guilty plea be voided and he be granted a new trial.  (D.E. 9, Page 5).

---

[4]As previously stated, after this case was filed, Petitioner filed another federal habeas petition in the Western District of Texas challenging the same conviction and asserting additional grounds for relief.  (Case No. 5:15-cv-814).  In the later-filed case, concurrently with the transfer to the Southern District of Texas, Petitioner was ordered to show cause why his case was not time-barred.  (Case No. 5:15-cv-814, D.E. 2).   After the transfer, Petitioner's two cases were consolidated and Petitioner filed an amended petition.  (D.E. 8 and D.E. 9).  Upon review of the record, while Petitioner signed his first state habeas petition on November 12, 2014, it was not received by the Texas Court of Criminal Appeals until February 2, 2015.  (D.E. 14-3, Page 4).  As there is no indication of when Petitioner's state habeas petition was delivered to prison officials for mailing and Respondent explicitly states Petitioner's federal petition is not barred by limitations, the undersigned finds the pending petition is timely filed.  (D.E. 17, Page 5).

## III.   ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> A. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> B. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).  Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous"

application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, U.S. 362 at 412-413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. Then it must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S. Ct. at 786. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Id.* "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id.* at 786-787. In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court

can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S.Ct. at 784.

## IV.    SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000)(citation omitted).

Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000)(citations omitted); *see also* FED. R. CIV. P. 81(a)(4)("These rules apply to proceedings for habeas corpus...."). While summary judgment rules apply with equal force in a § 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal

rules governing habeas proceedings. Therefore, Section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).

## V.    DISCUSSION

As a preliminary matter, Petitioner pled guilty and has failed to demonstrate that his plea was not entered into voluntarily, knowingly, and intelligently. Petitioner alleges (1) his conviction resulted from an illegal photo array; (2) he was denied effective assistance of counsel and; (3) the trial court erred by appointing Mr. Barrera as his court-appointed counsel. The state habeas court denied these grounds for relief. Upon review, Petitioner has failed to show the state court's determination was contrary to, or involved an unreasonable application of federal law, or was an unreasonable determination of the facts based on the evidence in the record. Lastly, to the extent Petitioner alleges he is actually innocent of the crimes he pled guilty to, he has failed to provide the Court any new evidence to establish this claim. Therefore, for the reasons stated below, it is respectfully recommended Petitioner is not entitled to relief and Respondent is entitled to summary judgment.

### A.      Rodriguez's guilty plea was voluntary, knowing, and intelligent

Before addressing claims in Petitioner's habeas petition, the voluntariness of Petitioner's guilty plea should be addressed.[5] The Due Process Clause requires a Petitioner's guilty plea be entered into knowingly, voluntarily and intelligently. *See Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *U.S. v. Bulholtz*, No. 4:11 cr 135, 2013 WL 842851, *4 and *5 (E.D. Tex. Jan. 24, 2013). If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review. *Devill v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994). The Supreme Court has specifically held a guilty plea is a voluntary and intelligent choice among alternatives and not compelled when it is entered to avoid a longer sentence. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The "knowing" requirement that a defendant "understands the consequences of a guilty plea" means only that the defendant understands the maximum prison term and fine for the offense charged. *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990). The requirement that a guilty plea be intelligently made "is not a requirement that all advice offered by the [Petitioner's] lawyer withstand retrospective examination in a post-conviction hearing." *McMann v. Richardson*, 397 U.S. 759, 770 (1970); *see also James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) ("the critical issue in determining whether a plea was voluntary and

---

[5] It should be noted that in Petitioner's state habeas petitions, he raised a claim of duress caused by his counsel who told him to plead guilty and accept the plea bargain or risk "50 [years] or a life sentence and his counsel 'not going to fight the case in a trial.'" (D.E. 14-3, Pages 15-16 and D.E. 14-5, Pages 15-16). However, Petitioner does not raise these facts in his current federal petition and, therefore, this Court need not address this argument.

intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'") (*quoting Taylor v. Whitney*, 933 F.2d 325, 329 (5th Cir. 1991)).

Respondent asserts "the record clearly indicates [Petitioner's] plea was knowing and voluntary" and supports the validity of Petitioner's plea by referring to his signed written plea admonishments, various waivers of rights, judicial confession, and stipulated evidence to the charged offense, all of which bear Petitioner's signature. (D.E. 17, Pages 13-14 and D.E. 14-5, Pages 24-33). Respondent further contends because of Petitioner's guilty plea, he waived allegations of ineffective assistance of counsel that occurred prior to his plea. (D.E. 17, Page 16).

In this case, Petitioner has failed to show he was inadequately informed of the nature of the charges against him prior to his guilty plea. The records indicate he was fully informed about the consequences of his plea. On January 27, 2014, he signed written acknowledgements informing him that he was pleading guilty to a second degree felony and the range of punishment was a fine not to exceed $10,000 and imprisonment in the Texas prison system for a term of twenty (20) years. (D.E 14-5, Pages 26-33). The document further specifies he had read the admonishments and was fully aware of the consequences of his plea. (D.E 14-5, Page 30). He also signed an agreed punishment recommendation specifying he would receive a sentence of twenty (20) years of imprisonment hoping to avoid a potentially longer sentence. (D.E 14-5, Page 26). Petitioner also signed a stipulation of evidence specifying he was pleading guilty to Burglary of Habitation and waiving a variety of rights, including the right to a jury trial.

(D.E 14-5, Pages 28-29 and 33).  The judgment specifies he appeared in person in court, entered a guilty plea and was admonished as required by law.  (D.E. 14-5, Page 32).  The judgment adds further Petitioner appeared to be mentally competent to the Court, made the plea freely and voluntarily and was aware of the consequences of the plea.  (D.E. 14-5, Page 32).

The Fifth Circuit has held that "solemn declarations in open court carry a strong presumption of verity."  *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)(*quoting Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).  Petitioner has the burden to rebut the presumption of correctness of his signed documents.  28 U.S.C. § 2254(e)(1). Based on the record, the undersigned recommends the guilty plea should be upheld. Petitioner has not shown his guilty plea was not entered knowingly, voluntarily and intelligently.

By entering a knowing and voluntary guilty plea, Petitioner waived all nonjurisdictional deprivations that occurred prior to the plea.  *Tollet v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984).  When a criminal defendant enters a guilty plea, he waives all nonjurisdictional defects, except those claims of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea.  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).  Petitioner has not alleged facts showing ineffective assistance of counsel relating to a knowing and voluntary guilty plea.

Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on

whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).  A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  To demonstrate prejudice in connection with a guilty plea, the petitioner must show that there is a reasonable probability that but for counsel's errors, he would not have pled guilty but would have insisted on going to trial.  *Hill*, 474 U.S. at 59.  In the present case, it is respectfully recommended that Petitioner has not shown that his guilty plea was entered into unknowingly and involuntarily and therefore his plea should be upheld and his claims of ineffective assistance of counsel should be dismissed.

### B.      Photo Array and Influence on the Victim (Ground One)

In his first ground for relief, Petitioner asserts "his conviction resulted from the use of an illegal photo array and improper influence being brought to bear on the victim." (D.E. 9, Page 2 and Case No. 2:15-cv-410, D.E. 1, Page 6). As argued by Respondent, Petitioner did not exhaust this claim in state court.  (D.E. 17, Pages 4-5 and 10-12).  A petitioner must fully exhaust state remedies before seeking federal habeas relief.   28 U.S.C. § 2254(b).  To do so, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  In Texas, all claims must be presented, either in a Petition for Discretionary Review (hereafter "PDR") or a state application for writ of habeas corpus

to the Court of Criminal Appeals. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). Here, the record reflects Petitioner did not properly present this claim to the Texas Court of Criminal Appeals in either of his state habeas applications or in a PDR. (D.E. 14-3, Pages 9-18 and D.E. 14-5, Pages 9-18). Therefore, Petitioner has failed to exhaust his state court remedies and his failure to do so is not excused due to "an absence of a state corrective process" or circumstances rendering that process "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Because the state has not been afforded a fair opportunity to consider the merits of Petitioner's claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. 2254(b)(2). When considering the merits of Petitioner's first ground for relief, Petitioner does not expand on or offer any support for his assertion in either of his original petitions or in his amended petition by explaining how improper influence was brought to bear on the victim through use of the photo array. Petitioner's conclusory allegation, without more, is insufficient to raise a constitutional issue entitling him to habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir 1990); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003)("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.")

Consequently, Petitioner has failed to exhaust his legal remedies on this issue and is therefore procedurally barred. Alternatively, Petitioner has provided no support for this ground for relief. Therefore, it is respectfully recommended Respondent's Motion for Summary Judgment on this issue be granted.

### C.   Ineffective Assistance of Counsel (Ground Two and Ground Three)

In his next grounds for relief, Petitioner alleges ineffective assistance of counsel because of (1) counsel's conflict of interest (Ground 2) and, (2) counsel's filing of motion to withdraw (Ground 3). The state habeas court held Petitioner had not met the legal standard to obtain relief for a claim of ineffective counsel on either ground. (D.E. 14-1). Respondent asserts Petitioner's guilty plea waived his right to relief on these grounds, or in the alternative, the Court should dismiss these grounds as conclusory. (D.E. 17, Page 17). Further, even if this Court were to consider Petitioner's ineffective assistance of counsel claims, it is respectfully recommended that Petitioner is not entitled to relief.

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel at trial and on appeal. U.S. CONST. AMEND. VI. To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test prescribed in *Strickland v. Washington*. 466 U.S. 668 (1984). Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were as serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Petitioner then "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable."

*Harrington v. Richter*, 131 S. Ct. 770, 792 (2011)(citations omitted). Petitioner must show "significant prejudice" in a noncapital context." *Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994)(*citing Spriggs v. Collins*, 993 F.2d 85, 88 n. 5 (5th Cir. 1993)).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance while recognizing that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id.* at 690.

In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). Where the state court adjudicated an ineffective assistance claim on the merits, this Court must review petitioner's claim under both *Strickland* and § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions fell below *Strickland's* standard – it is

"whether the state court's application of the *Strickland* standard was unreasonable."
*Harrington*, 562 U.S. at 101.

Further, In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the Supreme Court
held:

> [A] guilty plea represents a break in the chain of
> events which has preceded it in the criminal process.
> When a criminal defendant has solemnly admitted in open
> court that he is in fact guilty of the offense with which he
> is charged, he may not thereafter raise independent claims
> relating to the deprivation of constitutional rights that
> occurred prior to the entry of the guilty plea
> by showing that the advice he received from counsel was
> not within the standards set forth in McMann.

*see also Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (after determining a guilty

plea had been voluntarily and knowingly made, the court held petitioner could not bring

an ineffectiveness of counsel claim except when counsel's faulty advice coerced a guilty

plea).  For the reasons that follow, the undersigned recommends Petitioner has failed to

demonstrate the state court unreasonably denied his ineffective assistance of counsel

claims. Therefore, it is respectfully recommended Petitioner's claims should be

dismissed.

### 1. *Conflict of Interest (Ground Two)*

Petitioner alleges he was denied effective assistance of counsel because his trial

counsel had an undisclosed conflict of interest resulting from counsel's prior relationship

with the victim's family and counsel's failure to notify the court of this information.[6]

---

[6] In Petitioner's state habeas application, he explains counsel dated one of the victim's family
members in the past. (D.E. 14-5, Pages 9-10).

Petitioner claims he and Mr. Barrera's "[a]ttorney/client relationship began to deteriorate after [P]etitioner questioned counsel with respect to a previous relationship between counsel and the victim." (D.E. 1, Pages 7-8). Petitioner further claims Mr. Barrera informed Petitioner of a conflict of interest due to that relationship and that he could no longer represent Petitioner and filed a motion to withdraw, accordingly. (D.E. 1, Pages 7-8). Respondent argues this claim is not only conclusory, but also "lacks merit under the law of this circuit." (D.E. 17, Page 21).

In claims of denial of effective assistance of counsel because of conflict of interest, Petitioner must first show the existence of an actual, rather than speculative or potential, conflict of interest that rendered counsel's performance constitutionally deficient. *Bostick v. Quarterman*, 580 F.3d 303, 307 (5th Cir. 2009) (*citing Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)); *see Strickland*, 466 U.S. at 692-93. Second, Petitioner must show counsel's deficient performance actually prejudiced Petitioner's defense. *Id.* An actual conflict of interest exists if counsel is required to choose between advancing his client's interests in a fair trial and advancing other interests, including his own, to the detriment of his client's interest. *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). Prejudice is presumed when Petitioner is able establish the actual conflict of interest adversely counsel's performance without "any further inquiry into the effect of the actual conflict on the outcome of the [Petitioner's] trial." *Id.* at 781-82. However, the Fifth Circuit also held conclusory allegations of ineffective assistance of counsel are insufficient upon which to base federal habeas relief and further stated "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical

issue in his *pro se* petition (in state and in federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. 'In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [Petitioner's] right to a fair trial, we [can find] no merit in these [claims].'" (citations omitted)); *see also Rhodes v. Estelle*, 582 F.2d 972, 973 (1978)("It is well settled that the petitioner in a habeas corpus proceeding has the burden of proof.") Additionally, "[w]here a state habeas court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

The state habeas court denied this ground for relief. The undersigned agrees. Petitioner has not offered any proof of any relationship between Mr. Barrera and the victim by supplying the state habeas courts or this Court with affidavits[7] which would lead to the determination of an actual conflict of interest. (D.E. 17, Page 23). After reviewing the record, there is no indication counsel was faced with having to make a choice contrary to Petitioner's interests. Nor does the record suggest counsel and

---

[7] Respondent indicates "[a]ny attempt by [Petitioner] to supply affidavits to support this claim, or any other evidence, in this action would render the important issues unexhausted and procedurally defaulted. The Director makes this statement at this juncture to put [Petitioner] on notice and to properly assert exhaustion and procedural default during the district court proceedings, at the first available opportunity." (D.E. 17, Page 23).

Petitioner's interests diverged. Petitioner has failed to show any alleged conflict of interest had an adverse impact or effect on counsel's performance in defending Petitioner or otherwise prejudiced Petitioner in any way. *Strickland*, 466 U.S. at 690-97. Petitioner's mere assertion of a conflict of interest, without a specifying how his counsel's performance was constitutionally deficient, will not support a claim of ineffective assistance of counsel. *See Miller*, 200 F.3d at 282. Petitioner's argument is conclusory and does not provide facts that, if true, would warrant habeas relief. Therefore, the undersigned respectfully recommends this ground for relief be similarly dismissed.

### 2.  *Counsel's Motion to Withdraw (Ground Three)*

Petitioner next alleges his trial counsel filed a motion to withdraw as counsel of record because he was unable to effectively communicate with Petitioner after counsel was retained by Petitioner. (D.E. 1, Page 7). Respondent refers to the record and asserts Petitioner's counsel filed the motion to withdraw on November 4, 2013 because Petitioner did not comply with their agreed payment schedule. (D.E. 17, Pages 23-24; D.E. 14-3, Page 56). Petitioner's counsel's motion was granted on November 12, 2013 and after finding the Petitioner indigent, the court appointed the same attorney, Mr. Barrera, as Petitioner's counsel. (D.E. 14-3, Page 56). Respondent further asserts Petitioner's claim is frivolous because trial counsel cannot be blamed or deemed deficient for the court's actions in this respect. (D.E. 17, Pages 23-24). The state habeas court rejected this claim when it denied Petitioner's state habeas petition without written order.

The right to counsel guaranteed by the Sixth Amendment does not include the right to counsel of Petitioner's choice. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1979). The decision of which counsel to appoint to an indigent defendant is under the discretion of the court. *See Moreno v. Estelle*, 717 F.2d 171, 176 (5th Cir. 1983)(*citing Fulford v. Maggio*, 692 F.2d 354 (5th Cir.1982), rev'd on other grounds, 462 U.S. 111 (1983)); *U.S. v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979); *see also Wheat v. United States*, 486 U.S. 153, 157 (1988) (holding the district court's refusal to permit defendant to substitute his counsel was within its discretion and did not violate defendant's Sixth Amendment rights).  Petitioner has not shown how Mr. Barrera's motion to withdraw adversely affected the outcome of his case. Therefore, Petitioner has not made a showing of either deficiency or prejudice resulting from Mr. Barrera as required by *Strickland*. 466 U.S. at 692. For the reasons stated above, it is respectfully recommended that Respondent is entitled to summary judgement.

### D.    Trial Court Error (Ground Four)

Petitioner alleges in his final claim that the trial court erred in granting his counsel's motion to withdraw as retained counsel, then immediately appointing the same attorney, Mr. Barrera, as court-appointed counsel for him. Respondent asserts this claim is frivolous and without merit because the right to counsel does not include a defendant's right to an attorney of his choosing. *See Yohey*, 985 F.2d at 228; *Moreno*, 717 F.2d at 176. The state habeas court similarly rejected this claim when it denied Petitioner's habeas petition without written order. The decision of which counsel to appoint to an indigent defendant is under the discretion of the court. *See Moreno*, 717 F.2d at 176;

*Brown*, 591 F.2d at 310. Petitioner has not made a showing of either deficiency or prejudice resulting from Mr. Barrera being appointed as counsel. As discussed previously, Petitioner has not demonstrated he received ineffective assistance of counsel. Therefore, it is respectfully recommended that Petitioner's ground for relief be similarly dismissed.

### E.    Actual Innocence

Petitioner also claims he is actually innocent. (D.E. 1, Page 7). However, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Supreme Court in *McQuiggin v. Perkins* held a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. 1924, 1928 (2013)(*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The predicate for habeas review of an actual innocence claim is new evidence that casts substantial doubt on the original finding of guilty. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996); *see also Ex parte Brown*, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006).

Petitioner points to no new, reliable evidence to show he is actually innocent of the crime for which he was convicted. Although Petitioner argues he is actually innocent, petitioner entered a plea of guilty to the offense and instead of producing new evidence showing his actual innocence, he merely claims he continued to maintain his innocence "through-out the entire criminal proceeding against him, even rejecting the first offer of (5) five years presented to [him] by his first court appointed counsel," (D.E. 1, Page 7).

Accordingly, it is respectfully recommended that Petitioner's actual innocence claim be dismissed.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A District Court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just rule on would be repetitious."  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added)

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a certificate of appealability.

## VII.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 17) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED**.   It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 18th day of August, 2016.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).